UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-204 |
| TARON BROWN | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Taron Brown's motion for compassionate release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies Brown's motion.

### I.   BACKGROUND

On May 5, 2021, Taron Brown pleaded guilty to one count of conspiring to distribute and to possess with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.[3] According to the factual basis that Brown signed, he assisted Roy Lee Jr., a high-level drug trafficker, with his heroin sales.[4] On August 4, 2021, the Court sentenced

---

[1]   R. Doc. 450.
[2]   R. Doc. 642.
[3]   R. Docs. 317 & 319.
[4]   R. Doc. 318.

Brown to thirty-seven months of imprisonment, followed by three years of supervised release.[5] Brown is currently incarcerated at FCI Pollock, with an expected release date of July 5, 2022.[6] At the time of his sentencing, Brown was twenty-four years old and reported being in "good physical condition."[7]

On August 26, 2021, Brown moved for compassionate release, or, in the alternative, requested home confinement for the remainder of his sentence.[8] He represents that he has met the requirements for compassionate release.[9] Specifically, he states that this is his first time being incarcerated, that he has enrolled in a drug rehabilitation program, and has a job waiting for him upon release.[10] The Government opposes defendant's motion, arguing that defendant has not exhausted his administrative remedies,[11] and that he fails to provide an "extraordinary and compelling reason" for compassionate release.[12] The Court considers defendant's motion below.

---

[5] R. Doc. 409.
[6] *See* Fed. Bureau of Prisons, *Find an Inmate* (2021), https://www.bop.gov/inmateloc.
[7] R. Doc. 397 at 4, 18.
[8] R. Doc. 450 at 1.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 642 at 3-4.
[12] *Id.* at 4-6.

## II.  DISCUSSION

### A.  Compassionate Release

As a threshold matter, the Court finds that Brown has not satisfied the exhaustion requirement for compassionate release.  The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Brown represents that he "meet[s] the requirements for compassionate release."[13]  But Brown provides no documentation to show that he has exhausted his administrative remedies.  He has not submitted evidence that he requested relief from the warden at FCI Pollock, much less that that thirty days have passed since he requested such relief.  Accordingly, defendant has not met his burden of demonstrating that he has exhausted his administrative remedies.  *United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that a defendant's motion for compassionate relief was not "properly before th[e] Court," because,

---

[13]    R. Doc. 450.

although defendant claimed that he exhausted his administrative remedies, he failed to present any evidence that a request was made to the warden of his facility).

Even if Brown had shown that he exhausted his administrative remedies, he has failed to show he meets the other requirements for compassionate release. Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)"). But where a "defendant has failed to demonstrate 'extraordinary and compelling reasons,'" the Court "need not consider the § 3553(a) factors." *United States v. Reynard*, No. 10-329, 2021 WL 2662139, at \*6 (E.D. La. June 29, 2021); *see also United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021) (holding that if a court does not find any "extraordinary and compelling reasons" warranting compassionate release, it need not address the section 3553(a) factors).

The Court finds that Brown has not demonstrated that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, Brown represents that during his incarceration he has "changed" and is "not the same person [he] was before."[14] As evidence of this change, Brown points to his enrollment in a substance abuse impact class, and states that he has a job waiting for him upon release.[15] The Court finds that, although defendant's "efforts at rehabilitation and his plans to start a new life" are commendable, they do not constitute extraordinary and compelling reasons meriting compassionate release. *See United States v. Lewis*, No. 17-28, 2021 WL 4519795, at *1-3 (W.D.N.Y. Oct. 4, 2021) (finding that defendant's rehabilitation and "his plan of action upon release" do not amount to "extraordinary and compelling" reasons for release); *see also United States v. Hudec*, No. 4-91, 2020 WL 4925675, at *5 (E.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone.").

---

[14] *Id.*
[15] *Id.*

Brown also asserts that this is his "first time being in jail" and that it has "taught [him] a valuable lesson."[16] At sentencing, the Court already considered Brown's criminal history and that he had not previously been incarcerated. The Court specifically took his criminal history into account in granting Brown a downward variance based on his eligibility under the safety-valve provision in 18 U.S.C. § 3553(f), as amended by the First Step Act of 2018.[17] Because the Court already took into account Brown's criminal history in imposing a thirty-seven month sentence, his lack of previous incarceration does not warrant compassionate release. *Cf. United States v. Baker*, No. 16-179, 2020 WL 4584195, at *5 (E.D. La. Aug. 10, 2020) (denying compassionate release because the court had already taken into account defendant's serious health conditions when sentencing him at the low end of the guidelines range).

Because Brown has not established the existence of "extraordinary and compelling" reasons warranting compassionate release, the Court need not address the sentencing factors under 18 U.S.C. § 3553(a). Thus, the Court denies Brown's motion for compassionate release.

---

[16]   R. Doc. 450.
[17]   R. Doc. 410.

### B. Transfer to Home Confinement

Brown also requests that the Court order home confinement.[18] The Court is unable to do so. The decision to order home confinement is statutorily reserved to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment," and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration."). Accordingly, the Court must deny Brown's request for home confinement.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __5th__ day of January, 2022.

                                        _____
                                             SARAH S. VANCE
                                   UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. 450 ("I also was writing this letter to see if I can finish the rest of my sentence on home incarceration.").